IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:15-CR-00169 |
| | : | |
| v. | : | |
| | : | |
| MURRAY ROJAS | : | Judge Sylvia H. Rambo |

# O R D E R

The background of this order is as follows: a twenty-one count Superseding Indictment was returned on June 1, 2016, charging Defendant with several violations of federal law, including wire fraud, conspiracy to commit wire fraud, and administering misbranded drugs to racehorses and conspiracy to do the same, arising out of Defendant's alleged direction to others to administer prohibited substances to racehorses before sixteen separate horse races at Penn National Race Course in Harrisburg, Pennsylvania. (*See* Doc. 45.) Presently before the court is Defendant's motion *in limine*, pursuant to Federal Rules of Criminal Procedure 403 and 404(b), to exclude certain statements that she made during an interview with the F.B.I. from being introduced at trial. (Doc. 58.) For the reasons that follow, Defendant's motion will be granted.

**I.   Background**

Defendant has been a horse trainer or otherwise involved in the horse racing industry for more than twenty-five years. As alleged in the Superseding

Indictment, the Government became aware that Defendant had been directing others in the care of her race horses to administer prohibited substances to the horses on race days, specifically in relation to sixteen separate races at Penn National Race Course between December of 2009 and November of 2013.

On April 7, 2015, Defendant appeared at the Harrisburg office of the F.B.I. to be interviewed by F.B.I. Special Agent Bruce Doupe, Jr. ("Agent Doupe"). During the interview, Agent Doupe asked Defendant if she had done anything wrong, then asked if she had juiced or drugged a horse, to which Defendant replied, "I think I need a lawyer." The interview continued, however, and Agent Doupe again referred to the administration of substances or medications to horses on race days, this time referring to such practices as "treatment" after Defendant stated she did not like the terms "juicing" or "drugging." Agent Doupe asked Defendant whether "she had done any of that," but did not include a timeframe or any specific races in the question. Defendant replied, "you know I did, you have my records."

On October 31, 2016, Defendant filed a motion *in limine* to exclude two statements she made during the interview with Agent Doupe, namely, "I think I need a lawyer" and "you know I did, you have my records." (Doc. 58.) The Government does not dispute that the first statement should be excluded, and Defendant's motion will be granted as unopposed in that regard. As to the second

statement, the admissibility of which is in dispute, both parties have submitted their briefs (Docs. 61 & 62) and the motion is thus ripe for disposition.

**II.   Discussion**

Defendant argues that her statement, "you know I did, you have my records," does not constitute an admission to any of the relevant conduct charged in the Superseding Indictment because of the vagueness of Agent Doupe's question, and that the statement is therefore inadmissible propensity evidence which is barred by Federal Rule of Evidence 404(b). The Government disagrees, contending that the statement is a confession to the instant charges, and that Rule 404(b) does not apply. In the alternative, the Government argues that even if Rule 404(b) is applicable to the statement, it is evidence of Defendant's knowledge of the illegality of her conduct, which is an element the Government must prove at trial.

Federal Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Rule 404(b) states, in relevant part, that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R.

Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the Third Circuit has held, "prior act evidence is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested." *United States v. Caldwell*, 760 F.3d 267, 277-78 (3d Cir. 2014) (first citing *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013)) (then citing *United States v. Huddleston*, 485 U.S. 681, 691-92 (1988)).

    Here, the Government contends that Defendant's statement is being offered as an admission of the exact conduct with which the Superseding Indictment charges her, namely drugging racehorses on race day. A confession to the conduct that makes up the charges is clearly a proper non-propensity purpose at issue in the case and certainly relevant to that purpose. Thus, the court finds that the first two factors weigh in favor of admission. However, mere relevance does not end the inquiry.

    Agent Doupe's question to Defendant of whether she had ever "done any of that," is sufficiently vague that the probative value of Defendant's response is not

only outweighed by any unfair prejudice against her, but substantially so. Agent Doupe did not ask about specific dates or races in his initial question, nor did he follow up with any subsequent questioning that could shed further light on what Defendant thought she was being asked or what she meant by her answer. Defendant's response indicating that Agent Doupe already knew she had "done any of that" could have been in reference to any race during her more than twenty-five years in the horseracing industry, and not specifically with regard to any of the races contained in the Superseding Indictment. Accordingly, the court finds that the third factor weighs heavily against the admission of Defendant's statement.

Turning to the fourth factor, the court finds that a limiting instruction would not be sufficient to remove the unfair prejudice that would be caused by the admission of Defendant's statement. Even assuming she chose to testify at trial to clarify her statement to Agent Doupe, her admission to doing the same type of illegal acts charged in the Superseding Indictment in the past would be a bell that simply could not be unrung with a jury.  As the Third Circuit has stated:

> we are cognizant of the Supreme Court's admonition that "[a] confession is like no other evidence." *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991). As the Court explained, "[T]he defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *Id*. (internal quotation marks omitted). "Certainly, confessions have a profound impact on the jury, so much so that we may justifiably doubt its ability to put them out of mind even if told to do so."

*United States v. Bizzell*, 347 F. App'x 787, 792 (3d Cir. 2009) (quoting *Fulminante*, 499 U.S. at 296). The court finds it very unlikely that a jury would be able to disregard Defendant's admission to nearly identical conduct in the past that she is now charged with in the Superseding Indictment in determining her guilt. Thus, the fourth factor weighs against the admission of Defendant's statement.

### III. Conclusion

While the first two factors in the Rule 404(b) analysis weigh in favor of admission, the third and fourth factors weigh much more heavily against. Furthermore, Defendant's statement is not the only evidence that the Government will present at trial, as it has testimony from the veterinarians that Defendant allegedly directed to illegally treat the horses on race day in the relevant races, as well as test results and other circumstantial evidence.[1]

Accordingly, the court finds that the balance of the Rule 404(b) factors weigh against admission of Defendant's statement, and **IT IS HEREBY ORDERED** that Agent Doupe's question of whether Defendant had ever "done

---

[1] For similar reasons, the court finds unpersuasive the Government's argument that Defendant's statement is necessary to establish the knowledge element contained in the charges against her. Defendant's considerable amount of time in the horseracing industry, along with any agreements she may have entered into with Penn National Race Course or other entities will surely be more than sufficient to establish that she knew that administering banned substances to race horses on the day of a race was illegal.

any of that" and Defendant's response of "you know I did, you have my records" are **INADMISSIBLE** for use at trial.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: November 22, 2016