IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:15-CR-00169 |
| | : | |
| v. | : | |
| | : | |
| MURRAY ROJAS | : | Judge Sylvia H. Rambo |

# **O R D E R**

In this criminal action, a twenty-one count Superseding Indictment was returned on June 1, 2016, charging Defendant with several violations of federal law, including wire fraud, conspiracy to commit wire fraud, and administering misbranded drugs to racehorses and conspiracy to do the same, arising out of Defendant's alleged direction to others to administer prohibited substances to racehorses before sixteen separate horse races at Penn National Race Course in Harrisburg, Pennsylvania. (*See* Doc. 45.)

Presently before the court is the Government's motion for reconsideration of the court's order (Doc. 69) to exclude certain statements made by Defendant during an interview with the F.B.I. from being introduced at trial. (Doc. 72.) The Government submitted a brief in support of its motion on December 8, 2016 (Doc. 73), Defendant filed an opposition on December 23, 2016 (Doc. 75), and the court heard argument from the parties during a telephone conference held on January 10, 2017. For the reasons that follow, the Government's motion will be denied.

I.     **Relevant Facts & Procedural History**

As discussed in the court's November 22, 2016 order, Defendant has been a horse trainer or otherwise involved in the horse racing industry for more than twenty-five years. As alleged in the Superseding Indictment, the Government became aware that Defendant had been directing others in the care of her race horses to administer prohibited substances to the horses on race days, specifically in relation to sixteen separate races at Penn National Race Course between December of 2009 and November of 2013.

On April 7, 2015, Defendant appeared at the Harrisburg office of the F.B.I. to be interviewed by F.B.I. Special Agent Bruce Doupe, Jr. ("Agent Doupe"). During the interview, Agent Doupe referred to the administration of substances or medications to horses on race days, and asked Defendant whether "she had done any of that," but did not include a timeframe or any specific races in the question. Defendant replied, "you know I did, you have my records."

On October 31, 2016, Defendant filed a motion *in limine* to exclude her statement[1] (Doc. 58), which the Government opposed (Doc. 62). By order dated November 22, 2016 (Doc. 69), the court granted Defendant's motion *in limine*, pursuant to Federal Rules of Criminal Procedure 403 and 404(b), to exclude

---

[1] Defendant's motion also sought the exclusion of a second statement that she made during the interview, which the court granted as unopposed by the Government.

Defendant's response of "you know I did, you have my records," from being introduced at trial.

## II.  Legal Standard

A court may reconsider an interlocutory order "whenever 'consonant with justice to do so.'" *Qazizadeh v. Pinnacle Health Sys.*, Civ. No. 14-cv-2037, 2016 WL 5787352, \*2 (M.D. Pa. Oct. 4, 2016) (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)) (then quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).  Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, \*3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, Civ. No. 99-cv-5089, 2001 WL 1609761, \*9 (E.D. Pa. Dec. 18, 2001)). Likewise, motions for reconsideration may not be used to raise new arguments or present evidence that could have been presented

prior to the order in question. *See Qazizadeh*, 2016 WL 5787352 at *2 (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

## III. Discussion

In its motion for reconsideration, the Government merely reargues that Defendant's statement is an admission to conduct relevant to the charges in the Superseding Indictment, and contends that the court erred in not considering the conspiracy charges contained therein because the court's order made reference only to the sixteen specific races from which charges also arose. (*See* Doc. 73.) The Government's argument, however, ignores the language of the court's previous order. In ordering that Defendant's response be excluded from trial, the court stated:

> Agent Doupe's question to Defendant of whether she had ever "done any of that," is sufficiently vague that the probative value of Defendant's response is not only outweighed by any unfair prejudice against her, but substantially so. Agent Doupe did not ask about specific *dates or races* in his initial question, nor did he follow up with any subsequent questioning that could shed further light on what Defendant thought she was being asked or what she meant by her answer. Defendant's response indicating that Agent Doupe already knew she had "done any of that" could have been in reference to any race during her more than twenty-five years in the horseracing industry, and not specifically with regard to any of the races contained in the Superseding Indictment. Accordingly, the court finds that the [danger of unfair

4

>   prejudice] weighs heavily against the admission of Defendant's statement.

(*Id*., pp. 4-5 (emphasis supplied).) The conspiracy charges in the Superseding Indictment only cover the time period from December 2009 to November 2013. Thus, Agent Doupe's question, which lacks any temporal element, has the same infirmity with regard to the conspiracy charges as it does with the charges that pertain to the sixteen individual horseraces. If the court were to allow its admission at trial, Defendant effectively would be forced to give up her right against self-incrimination only to admit to previously engaging in the exact same illegal conduct that she is charged with in the Superseding Indictment. As the court did in its previous order, it once again finds that, pursuant to Federal Rule of Evidence 403, the probative value of Defendant's statement is substantially outweighed by the unfair prejudice caused by the ambiguity of Agent Doupe's question. *See* Fed. R. Evid. 403.

## IV. Conclusion

For the reasons stated herein, the court finds that it made no errors of law or apprehension when ordering that Defendant's statement be excluded from trial. (Doc. 69.)

Accordingly, **IT IS HEREBY ORDERED** that the Government's motion for reconsideration (Doc. 72) is **DENIED**.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: January 11, 2017