**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 1:15-CR-169** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **MURRAY ROJAS** | : | **(Filed Electronically)** |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government respectfully requests the Court to include the attached instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

Dated:   June 12, 2017          s/William A. Behe
                               WILLIAM A. BEHE
                               Assistant United States Attorney
                               William.Behe@usdoj.gov
                               PA32284
                               228 Walnut Street, Suite 220
                               P.O. Box 11754
                               Harrisburg, Pennsylvania 17108
                               Telephone: (717) 221-4482

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1
### EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.   Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.   If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.   During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.   These objections simply meant that the lawyers were asking me to

decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.   You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.   When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.   You must disregard the question or the exhibit entirely.   Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.   Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.   If that happened and if I sustained the objection, you must disregard the

answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.   When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.   It is your own recollection and interpretation of the evidence that controls your decision in this case.   Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**Comment**

*See* 1A O'Malley et al, supra, §§ 12.03, 12.07, 12.08.   For variations in other Circuits, *see* First Circuit §§ 3.04, 3.08; Fifth Circuit § 1.06; Sixth Circuit § 1.04; Eighth Circuit § 3.03; Ninth Circuit §§ 3.03, 3.04.

The bracketed instruction (4) under what is evidence should be given only when the court has taken judicial notice of facts during the trial.

_____

**<u>AUTHORITY</u>:**   Third Circuit Model Jury Instructions, §3.02.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."   You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.   An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.   It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.   A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   A reasonable inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.   The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.   It is for you to decide how much weight to give any evidence.

## Comment

*See* 1A O'Malley et al, supra, § 12.04; Hon. Leonard Sand, John S. Siffert, Steven A. Reiss & Nancy Batterman, *Modern Federal Jury Instructions - Criminal* (2003) [hereinafter, Sand et

al.] 74-2.   For variations in other Circuits, *see* Fifth Circuit § 1.07; Sixth Circuit § 1.06; Seventh Circuit § 1.05; Eighth Circuit §§ 1.03 & 1.04; Ninth Circuit § 1.6.

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §3.03.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3**
**CREDIBILITY OF WITNESSES**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful?   Was the witness' testimony accurate?   You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of

factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or

between the testimony of different witnesses may or may not

cause you to disbelieve a witness' testimony.   Two or more

persons witnessing an event may simply see or hear it differently.

Mistaken recollection, like failure to recall, is a common human

experience.   In weighing the effect of an inconsistency, you should

also consider whether it was about a matter of importance or an

insignificant detail.   You should also consider whether the

inconsistency was innocent or intentional.

You are not required to accept testimony even if the

testimony was not contradicted and the witness was not

impeached.   You may decide that the witness is not worthy of

belief because of the witness' bearing and demeanor, or because of

the inherent improbability of the testimony, or for other reasons

that are sufficient to you.

After you make your own judgment about the believability

of a witness, you can then attach to that witness' testimony the

importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not

necessarily depend on the number of witnesses who testified or

the quantity of evidence that was presented.   What is more

important than numbers or quantity is how believable the

witnesses were, and how much weight you think their testimony

deserves.

**Comment**

  *See* 1A O'Malley et al, supra, § 15.01 (Credibility of
Witnesses--Generally).   For variations in other Circuits, *see* First
Circuit § 3.06; Eighth Circuit   § 3.04; Ninth Circuit § 3.09.

_____

<u>**AUTHORITY:**</u>  Third Circuit Model Jury Instructions, §3.04.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4
## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.   In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

**Comment**

As a general matter, there is no requirement that all witnesses or evidence be presented, and ordinarily no inference can be drawn from the failure to present all witnesses or evidence. However, in the rare case in which the government could have called an important witness, but failed to do so, Instruction 4.16 (Missing Witness) may be considered.   Also, if the defendant has argued that the government's case is deficient because of the failure to use one or more specific investigative techniques, Instruction 4.14 (Specific Investigation Techniques Not Required) should be considered.   However, the instruction may be omitted if there is any concern that it would incorrectly suggest to the jury that the defendant has an obligation to present witnesses or evidence.

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §3.05.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5**
**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;**
**REASONABLE DOUBT**

The defendant Rojas pleaded not guilty to the offense charged.   Rojas is presumed to be innocent.   She started the trial with a clean slate, with no evidence against her.   The presumption of innocence stays with Rojas unless and until the government has presented evidence that overcomes that presumption by convincing you that Rojas is guilty of the offense charged beyond a reasonable doubt.   The presumption of innocence requires that you find Rojas not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Rojas has no burden or obligation to present any evidence at all or to prove that she is not guilty.   The burden or obligation of proof is on the government to prove that Rojas is guilty and this burden stays with the government throughout the trial.

In order for you to find Rojas guilty of the offense charged,

the government must convince you that Rojas is guilty beyond a
reasonable doubt.   That means that the government must prove
each and every element of the offense charged beyond a
reasonable doubt.   A defendant may not be convicted based on
suspicion or conjecture, but only on evidence proving guilt beyond
a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof
beyond all possible doubt or to a mathematical certainty.
Possible doubts or doubts based on conjecture, speculation, or
hunch are not reasonable doubts.   A reasonable doubt is a fair
doubt based on reason, logic, common sense, or experience.   It is a
doubt that an ordinary reasonable person has after carefully
weighing all of the evidence, and is a doubt of the sort that would
cause him or her to hesitate to act in matters of importance in his
or her own life.   It may arise from the evidence, or from the lack
of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced
that the government proved each and every element of the offense

charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.   However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Comment**

   *See* 1A O'Malley et al, supra, § 12.10.   For variations in other Circuits, *see* First Circuit § 3.02; Eighth Circuit §§ 3.05-3.08, 3.11; Ninth Circuit §§ 3.2, 3.5.

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §3.06.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
## WIRE FRAUD - ELEMENTS OF THE OFFENSE (18 U.S.C. § 1343)

Count 1-6 of the indictment charge the defendant Rojas with wire fraud, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Rojas knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That Rojas acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, Rojas transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**Comment**

O'Malley et al., supra, § 47.07.

18 U.S.C. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

The court should also give Instruction 6.18.1343-1 (Wire Fraud - "Transmits by means of wire, radio, or television communication in interstate commerce" - Defined).   The cases construing the mail fraud statute apply equally to wire fraud.   *See United States v. Giovengo*, 637 F.2d 941 (3d Cir. 1980).   As a result, the court may also give the following instructions as appropriate: 6.18.1341-1 (Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined), 6.18.1341-2 (Mail, Wire, or Bank Fraud - Unanimity Required), 6.18.1341-3 (Mail or Wire Fraud - Protected Interests: Honest Services), and 6.18.1341-4 (Mail or Wire Fraud – "Intent to Defraud" Defined). In appropriate cases, the court should also give Instruction 6.18.1343-2 (Wire Fraud - Each Transmission by Wire Communication a Separate Offense).

The wire fraud statute applies to communications in foreign commerce as well as interstate communications.   *United States v. Georgiou*, 777 F.3d 125 (3d Cir. 2015).   If the charges allege communications in foreign commerce, the court should modify the language of the instruction accordingly.   In *Georgiou*, the trial court

explained to the jury "that interstate or foreign commerce is 'to send from one state to another, or to or from the United States....'"   The Third Circuit held that this instruction was proper.   *Id.* at 138.

18 U.S.C. § 2326 provides enhanced penalties for certain violations of § 1343:

> A person who is convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344, or a conspiracy to commit such an offense, in connection with the conduct of telemarketing--
> (1) shall be imprisoned for a term of up to 5 years in addition to any term of imprisonment imposed under any of those sections, respectively; and
> (2) in the case of an offense under any of those sections that--
> (A) victimized ten or more persons over the age of 55;
> or
> (B) targeted persons over the age of 55,
> shall be imprisoned for a term of up to 10 years in addition to any term of imprisonment imposed under any of those sections, respectively.

If the indictment alleges any of these circumstances, the instruction should be modified to add the aggravating factor as an element essential for conviction.   The court may then also wish to give Instruction 3.11 (Lesser Included Offenses).

18 U.S.C.A. § 1349, which makes it a crime to attempt or conspire to commit any of the federal fraud offenses, provides

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The statute does not require proof of an overt act.   *See United States v.*

*Obaygbona*, 556 F.App'x. 161, 2014 WL 764764 (3d Cir. 2014). If the defendant is charged with attempt, the court should adapt this instruction and should also give Instruction 7.01 (Attempt).   Likewise, if the defendant is charged with conspiracy to violate this statute, the appropriate instructions on conspiracy should be given, modified to reflect the fact that § 1349 does not require proof of an overt act.   See Instruction 6.18.371A et seq.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.1343.

(Revised 2016)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7**
**WIRE FRAUD - "TRANSMITS BY MEANS OF WIRE, RADIO, OR**
**TELEVISION COMMUNICATION IN INTERSTATE**
**COMMERCE"- DEFINED**

The third element that the government must prove beyond a
reasonable doubt is that in advancing, furthering, or carrying out the
scheme, Rojas transmitted a writing, signal, or sound by means of a
wire, radio, or television communication in interstate commerce or
caused the transmission of a writing, signal, or sound of some kind by
means of a wire, radio, or television communication in interstate
commerce.

The phrase "transmits by means of wire, radio, or television
communication in interstate commerce" means to send from one state to
another by means of telephone or telegraph lines or by means of radio
or television.   The phrase includes a telephone conversation by a
person in one state with a person in another state, or electronic signals
sent from one state to another, such as by fax or financial wire.   The
use of the Internet to send a message, such as an e-mail, or to
communicate with a web site may constitute a wire transmission in

interstate commerce.

The government is not required to prove that Rojas actually used a wire communication in interstate commerce or that Rojas   even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.   The government must also prove either that Rojas used wire, radio, or television communication in interstate commerce, or that Rojas knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that Rojas should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**Comment**

O'Malley et al., supra, § 47.08.

Transmission by means of wire, radio, or television communication in interstate commerce is not narrowly construed.   *See United States v. King*, 590 F.2d 253 (8th Cir. 1978), *cert. denied*, 440 U.S. 973 (1979) (rejecting defendant's challenge to wire fraud conviction where conviction rested in part on microwave communications in order to further a fraud).

In *Pereira v. United States*, 347 U.S. 1 (1954), a mail fraud case, the Court explained that the scheme need not "contemplate the use of the mails as an essential element:"

Where one does an act with knowledge that the use of the mails will

follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used.

*Pereira*, 347 U.S. at 8-9.   *See also United States v. Keller*, 2010 WL 3733872 (3d Cir. 2010) (non-precedential) (noting that use of the wires need not be an essential element of the scheme); *United States v. Bentz*, 21 F.3d 37, 40-42 (3d Cir. 1994) (dismissing wire fraud indictment where defendant did not know that use of wires would follow in the ordinary course of business and where such use was not objectively reasonably foreseeable).   If the government proves that the wire communication occurred and was reasonably foreseeable, it is not necessary that the government prove it was foreseeable that the wire communication would be interstate.   *See United States v. Blackmon*, 839 F.2d 900, 907 (2d Cir. 1988).   In *Keller*, the Third Circuit held that the trial court had properly refused to give the defendant's requested instruction that the scheme to defraud must have "depended in some way" on the use of the wires. The court noted that the trial court gave Model Criminal Jury Instruction 6.18.1343-1 for wire fraud. *Keller,* 2010 WL 3733872 at *3.

In *United States v. Andrews*, 681 F.3d 509, 528-29 (3d Cir. 2012), the indictment alleged that the information was transmitted by email but the evidence showed that it was, instead, faxed.   The Third Circuit recognized the variance, but held that it was not fatal.

If the government relies on use of the Internet, the court should add the optional language addressing Internet use.   Although the Third Circuit has not directly addressed this issue, use of the Internet to send a message or communicate with a web site may constitute the requisite transmission in interstate commerce.   *Cf. United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir. 2006).

The wire fraud statute applies to communications in foreign commerce as well as interstate communications.   *United States v.*

*Georgiou*, 777 F.3d 125 (3d Cir. 2015).   If the charges allege communications in foreign commerce, the court should modify the language of the instruction accordingly.   In *Georgiou*, the trial court explained to the jury "that interstate or foreign commerce is 'to send from one state to another, or to or from the United States....'"   The Third Circuit held that this instruction was proper.   *Georgiou*, 777 F.3d at 138.

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §6.18.1343-1.

(Revised 2016)

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8
### WIRE FRAUD - EACH TRANSMISSION BY WIRE
### COMMUNICATION A SEPARATE OFFENSE

Each transmission by wire communication in interstate commerce

to advance, or to further, or to carry out the scheme or plan may be a

separate violation of the wire fraud statute.


**Comment**

O'Malley et al., supra, § 47.15.

Each use of the wires constitutes a separate violation of the wire
fraud statute.   *See United States v. Luongo*, 11 F.3d 7, 9 (1st Cir. 1993).

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.1343-2.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9**
**WIRE FRAUD – "SCHEME TO DEFRAUD OR TO OBTAIN**
**MONEY OR PROPERTY" DEFINED**

The first element that the government must prove beyond a

reasonable doubt is that Rojas knowingly devised or willfully

participated in a scheme to defraud the victim of money or property by

materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means

by which one person can gain an advantage over another by false

representations, suppression of the truth, or deliberate disregard for the

truth.

Thus, a "scheme to defraud" is any plan, device, or course of action

to deprive another of money or property by means of false or fraudulent

pretenses, representations or promises reasonably calculated to deceive

persons of average prudence.

The representations which the government charges were made as

part of the scheme to defraud are set forth in the indictment which I

have already read to you.   The government is not required to prove

every misrepresentation charged in the indictment.   It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.   However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements.   The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words

alone.   If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.   A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.   The same principle applies to fraudulent half truths or omissions of material facts.

In order to establish a scheme to defraud, the government must

also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that Rojas herself originated the scheme to defraud.   Furthermore, it is not necessary that the government prove that Rojas actually realized any gain from the scheme or that any intended victim actually suffered any loss.   In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that Rojas profited.   Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the overall scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the overall scheme charged in the indictment, you should then consider the second element.

**Comment**

Sand et al., supra, 44-4.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.1341-1.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10
## WIRE FRAUD – "INTENT TO DEFRAUD" DEFINED

The second element that the government must prove beyond a reasonable doubt is that Rojas acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Rojas acted with an intent to defraud, you may consider, among other things, whether Rojas acted with a desire or purpose to bring about some gain or benefit to herself or someone else or with a desire or purpose to cause some loss to someone.

**Comment**

O'Malley et al., supra, § 47.14.

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §6.18.1341-4.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11
## ACCOMPLICE LIABILITY: AIDING AND ABETTING (18 U.S.C. § 2(A))

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Rojas aided and abetted Brophy, Motta and Korte in committing the offense of dispensing misbranded drugs as charged in the indictment.   In order to find Rojas guilty of this because she aided and abetted Brophy, Motta and Korte in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:   That Brophy, Motta and Korte committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.   Brophy, Motta and Korte need not have been charged with or found guilty of the offenses, however, as long as

you find that the government proved beyond a reasonable doubt that she committed the offense.

Second:   That Rojas knew that the offense charged was going to be committed or was being committed by Brophy, Motta and Korte, and

Third:   That Rojas knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, and encouraging Brophy, Motta and Korte in committing the specific offenses charged and with the intent that Brophy, Motta and Korte commit that specific offenses, and

Fourth:   That Rojas performed acts in furtherance of the offenses charged.

In deciding whether Rojas had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Rojas' words and actions and the other facts and circumstances.   However, evidence that Rojas merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find Rojas

guilty as an aider and abetter.   If the evidence shows that Rojas knew

that the offense was being committed or was about to be committed, but

does not also prove beyond a reasonable doubt that it was Rojas' intent

and purpose to aid, assist, encourage, facilitate or otherwise associate

herself with the offense, you may not find Rojas guilty of the offenses as

an aider and abettor.   The government must prove beyond a reasonable

doubt that Rojas in some way participated in the offense committed by

Brophy, Motta and Korte as something Rojas wished to bring about and

to make succeed.

 To show that Rojas performed an act(s) in furtherance of the

offenses charged, to satisfy the fourth requirement, the government

needs to show some affirmative participation by Rojas which at least

encouraged Brophy, Motta and Korte to commit the offense.   That is,

you must find that Rojas' acts did, in some way, aid, assist, facilitate,

encourage, Brophy, Motta and Korte to commit the offenses.   Rojas'

acts need not further aid, assist, facilitate, encourage, every part or

phase or element of the offense charged; it is enough if Rojas' acts

further aid, assist, facilitate, encourage, only one or some parts or

phases of the offense.   Also, Rojas' acts need not themselves be against

the law.

**Comment**

*See* 1A O'Malley et al., supra, § 18.01.   For variations in other Circuits, *see* First Circuit §4.02, Fifth Circuit § 2.06, Sixth Circuit § 4.01, Eighth Circuit § 5.01, Ninth Circuit § 5.1.

18 U.S.C. § 2(a) provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Although some Third Circuit opinions conflate the elements of aiding and abetting liability into two or three, this instruction reflects the Third Circuit's more precise articulation of four elements in *United States v. Nolan*, 718 F.2d 589, 592 (3d Cir. 1983).

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §7.02.

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12</u>
## CAUSING THE CRIMINAL ACTS OF ANOTHER (18 U.S.C. § 2(B))

A person may be guilty of an offense because she personally committed the offense herself or because she willfully caused another person to commit acts which would constitute the offense if the acts had been performed by her directly.

In this case, Rojas is charged with misbranding because she is alleged to have caused Brophy, Motta and Korte to commit acts which would constitute misbranding if the acts had been performed by Rojas directly.   To find Rojas guilty of this offense because she caused Brophy, Motta and Korte to commit the act constituting the offense, you need not find that Rojas committed any of the acts herself.   You must, however, find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

First: That acts constituting the offense charged were committed by Brophy, Motta and Korte;

Second: That Rojas had the mental state required for the offense that she caused Brophy, Motta and Korte to commit.   In this case that means the government must prove beyond a reasonable doubt

that Rojas acted knowingly; and

Third: That Rojas willfully caused Brophy, Motta and Korte to

commit the acts constituting misbranding.   In this case that

means the government must prove beyond a reasonable doubt that

Rojas willfully caused Brophy, Motta and Korte to dispense

misbranded drugs.   To find that Rojas "caused" this other person

to commit those acts, you must find that the government proved

beyond a reasonable doubt that Rojas     brought about those acts.

**Comment**

For variations in other Circuits, *see* Seventh Circuit § 5.06, Eighth
Circuit § 5.02.

18 U.S.C. § 2(b) provides:

Whoever willfully causes an act to be done which if directly
performed by him or another would be an offense against the
United States, is punishable as a principal.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §7.05.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13
## CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE
## UNITED STATES
## BASIC ELEMENTS (18 U.S.C. § 371)

Count 21 of the indictment charges that from on or about January 1, 2002 through September of 2014, in the Middle District of Pennsylvania, Rojas agreed or conspired with one or more other persons to commit an offense against the United States, namely the misbranding of animal drugs and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.   A conspiracy is a kind of criminal partnership.

In order for you to find Rojas guilty of conspiracy to commit an offense against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First:   That two or more persons agreed to commit an offense

against the United States, as charged in the indictment. I have

explained the elements of the offense already.;

Second:   That Rojas was a party to or member of that agreement;

Third:   That Rojas joined the agreement or conspiracy knowing of

its objective to commit an offense against the United States and

intending to join together with at least one other alleged

conspirator to achieve that objective; that is, that Rojas   and at

least one other alleged conspirator shared a unity of purpose and

the intent to achieve a common goal or objective, to commit an

offense against the United States; and

Fourth:   That at some time during the existence of the agreement

or conspiracy, at least one of its members performed an overt act

in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

## Comment

*See* Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 2
*Federal Jury Practice and Instructions* (5th ed. 2000) [hereinafter
O'Malley et al] §§ 31.01 - 31.03.   For variations in other Circuits, *see*
First Circuit § 4.03; Fifth Circuit § 2.20; Sixth Circuit §§ 3.01A & 3.01B;
Seventh Circuit § 5.08; Eighth Circuit § 5.06A; Ninth Circuit § 8.16.

The general federal conspiracy statute, 18 U.S.C. § 371, provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.   If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.371A.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14
## CONSPIRACY – EXISTENCE OF AN AGREEMENT

The first element of the crime of conspiracy is the existence of an agreement.   The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of misbranding animal drugs.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.   The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.   The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.   What the government must prove beyond a reasonable doubt is that two or more

persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

**Comment**

*See* 2 O'Malley et al, supra, § 31.04.   For variations in other Circuits, *see* Sixth Circuit § 3.02; Eighth Circuit § 5.06B.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.371C.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15**
**CONSPIRACY – MEMBERSHIP IN THE AGREEMENT**

If you find that a criminal agreement or conspiracy existed, then in order to find Rojas guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Rojas knowingly and intentionally joined that agreement or conspiracy during its existence.   The government must prove that Rojas knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that Rojas knew everything about the conspiracy or that she knew everyone involved in it, or that she was a member from the beginning.   The government also does not have to prove that Rojas played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Rojas joined the conspiracy, knew of its criminal objective, and intended to further the objective.   Evidence which shows that Rojas only knew about the conspiracy, or only kept

45

"bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Rojas was a member of the conspiracy even if Rojas approved of what was happening or did not object to it. Likewise, evidence showing that Rojas may have done something that happened to help a conspiracy does not necessarily prove that she joined the conspiracy.   You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Rojas joined the conspiracy.

**Comment**

*See* 2 O'Malley et al, supra, § 31.05.   For variations in other Circuits, *see* Sixth Circuit § 3.03; Eighth Circuit § 5.06b.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, §6.18.371D.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16
## CONSPIRACY – MENTAL STATES

In order to find Rojas guilty of conspiracy you must find that the government proved beyond a reasonable doubt that Rojas joined the conspiracy knowing of its objective and intending to help further or achieve that objective.   That is, the government must prove: (1) that Rojas knew of the objective or goal of the conspiracy, (2) that Rojas joined the conspiracy intending to help further or achieve that goal or objective, and (3) that Rojas and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Rojas' words or conduct and other facts and circumstances, in deciding whether Rojas had the required knowledge and intent.   For example, evidence that Rojas derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that Rojas had the required intent or purpose that the conspiracy's objective be achieved.

**Comment**

Neither O'Malley et al, supra, nor the other Circuits include a

47

separate instruction on the required state of mind element for conspiracy.   The trial judge may feel that it is not necessary to give this instruction, in addition to instructions on the Basic Elements (Instructions 6.18.371A and 6.18.371B), Existence of an Agreement (Instruction 6.18.371C), and Membership in the Agreement (Instruction 6.18.371D), all of which reference the mental state requirements.

**Mental State Requirement for Conspiracy Defined.**   In *United States v. Korey*, 472 F.3d 89 (3d Cir. 2007) (conspiracy to distribute a controlled substance under 18 U.S.C. § 846), the Third Circuit stated that, "'[o]ne of the requisite elements the government must show in a conspiracy case is that the alleged conspirators shared a "unity of purpose", the intent to achieve a common goal, and an agreement to work together toward the goal.'" 472 F.3d at 93 (quoting *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004), in turn quoting *United States v. Wexler*, 838 F.2d 88, 90-91 (3d Cir.1988)).   In *Korey*, the court held that the trial judge erred by instructing the jury that it could convict if it found merely that the defendant agreed to accept cocaine in payment for killing the victim, without clearly instructing that the jury must find that the government proved a unity of purpose between defendant and his alleged conspirator.

The Supreme Court noted in *United States v. United States Gypsum Co.*, 438 U.S. 422, 443 n. 20 (1978), that, "[i]n a conspiracy, two different types of intent are generally required – the basic intent to agree, which is necessary to establish the existence of the conspiracy, and the more traditional intent to effectuate the object of the conspiracy. *See* W. LaFave & A. Scott, Criminal Law 464- 465 (1972)." Also *see, e.g., United States v. Shoup*, 608 F.2d 950, 956 n. 9 (3d Cir. 1979) (quoting *United States Gypsum*).   Knowingly facilitating a conspiracy or the commission of the objective of a conspiracy is not enough alone to make one guilty of conspiracy.   *United States v. Carlucci*, 288 F.2d 691 (3d Cir 1961); *United States v. Giuliano*, 263 F.2d 582, 583 (3d Cir. 1959) (a legitimate vendor's sale of supplies to conspirators was insufficient to convict the vendor of conspiracy).   In *United States v. Carbo*, the Third Circuit noted that "conspiracy and aiding and abetting both require that the defendant specifically intend

48

to further the substantive offense. . . ."   572 F.3d 112, 116 n. 2 (3d Cir. 2009) (citing *Salinas v. United States*, 522 U.S. 52, 65 (1997), and *United States v. Dixon,* 658 F.2d 181, 189 n.17 (3d Cir.1981)). However, specific intent or purpose may be inferred from knowledge if the inference is reasonable under the circumstances.   *Ingram v. United States*, 360 U.S. 672, 680 (1959) ("What was said in Direct Sales Co. v. United States on behalf of a unanimous Court is of particular relevance here: 'Without the knowledge, the intent cannot exist. . . . Furthermore, to establish the intent, the evidence of knowledge must be clear, not equivocal. . . .   This, because charges of conspiracy are not to be made out by piling inference upon inference, thus fashioning . . . a dragnet to draw in all substantive crimes," quoting *Direct Sales Co. v. United States*, 319 U.S. 703, 711 (1943).); *United States v. Falcone*, 311 U.S. 205 (1940); *People v. Lauria*, 251 Cal App.. 471, 59 Cal. Rptr. 628 (1967).   Courts have also observed that receiving a benefit from or having a stake in the object of a conspiracy is evidence of intent, but is not necessary to prove intent.   *See, e.g., Direct Sales Co. v. United States*, 319 U.S. 703, 713 (1943); *United States v. Pedroni*, 45 Fed. Appx. 103, 108 (3d Cir. 2002) (not precedential); *United States v. Shoup*, 608 F.2d at 957.

In *United States v. Brodie*, 403 F. 3d 123, 147 (3d Cir. 2005), the Third Circuit also stated that, "the government, in proving a conspiracy under 18 U.S.C. § 371, was required to prove at least the degree of criminal intent necessary for the underlying substantive offense of violating the American Cuban embargo. *See United States v. Feola,* 420 U.S. 671, 686. . . ."   The mental state required for the underlying offense in *Brodie* was specific intent, which "[i]n the context of [that] offense ... demands that the government prove that a defendant had general knowledge of the law which forbade his actions and acted with the specific intent to circumvent that law."   *Brodie*, 403 F.3d at 147.

(Revised 12/09)

_____

**AUTHORITY:**  Third Circuit Model Jury Instructions, §6.18.371E.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17
## CONSPIRACY – OVERT ACTS

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts.   The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.   Also, the government does not have to prove that Rojas personally committed any of the overt acts.   The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy.   You must unanimously agree on the overt act that was committed.

**Comment**

*See* 2 O'Malley et al, supra, § 31.07.   For variations in other Circuits, *see* Sixth Circuit § 3.04; Eighth Circuit § 5.06D.

_____

**<u>AUTHORITY</u>:**   Third Circuit Model Jury Instructions, §6.18.371F.

<u>**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18**</u>
**COUNTS EIGHT THROUGH TWENTY – CAUSING THE
DISPENSING OF MISBRANDED DRUGS**

This is a criminal prosecution arising under the Federal Food, Drug, and Cosmetic Act, which has as its underlying purpose the protection of the public health and welfare.

One of the provisions of the Act makes it a crime to do any act that causes a drug to become misbranded after it has moved in interstate commerce and while it was held for sale (whether or not the first sale).

21 U.S.C. § 331(k)

## ELEMENTS OF THE OFFENSE

Counts 8through 20 of the Indictment charge Defendant with causing animal drugs to become misbranded while held for sale after shipment in interstate commerce, to wit, Banamine, Robinul, Estrone, Dextamethasone, Legend, ACTH, Ketoprofen, Robaxin, Acetylcysteine, ECP, and Legend IV injection, and acting with the intent to defraud and mislead.

With respect to each of these charges, you should find the Defendant guilty if the government has proved, beyond a reasonable doubt, each of the following with respect to Defendant:

1) that the Banamine, Robinul, Estrone, Dextamethasone, Legend, ACTH, Ketoprofen, Robaxin, Acetylcysteine, ECP, and Legend IV injection dispensed by Defendant were drugs;

2) that the Banamine, Robinul, Estrone, Dextamethasone, Legend, ACTH, Ketoprofen, Robaxin, Acetylcysteine, ECP, and Legend IV injection   were held for sale (whether or not the first sale) after they moved in interstate commerce;

3) that the Banamine, Robinul, Estrone, Dextamethasone, Legend, ACTH, Ketoprofen, Robaxin, Acetylcysteine, ECP, and Legend IV

injection were misbranded because they were prescription animal drugs that were dispensed without a prescription or other order authorized by law;

4) that Defendant acted with the intent to defraud and mislead.

## DEFINITION OF A DRUG

The term "drug" is defined in the FD&C Act, to mean: (A) articles recognized in the official United States Pharmacopeia, official Homeopathic Pharmacopeia of the United States, or official National Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (D) articles intended for use as a component of any articles specified in clause (A), (B), or (C).

21 U.S.C. § 321(g)

## PRESCRIPTION ANIMAL DRUG

The term "prescription animal drug" means a drug intended for use by animals other than man which—

(i)      because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary for its use, is not safe for animal use except under the professional supervision of a licensed veterinarian, or

(ii)     (ii) is limited by an approved application under subsection (b) of section 512 [21 U.S.C. § 360b(b)], a conditionally-approved application under section 571 [21 U.S.C. § 360ccc], or an index listing under section 572 [21 U.S.C. § 360ccc-1] to use under the professional supervision of a licensed veterinarian

shall be dispensed only by or upon the lawful or oral order of a licensed veterinarian in the course of a veterinarian's professional practice.

An order is lawful if the order is a prescription or other order authorized by law.

The act of dispensing a drug contrary to the provisions shall be deemed to be an act which results in the drug being misbranded while held for sale.


21 U.S.C § 353(f)(1)(A),(B)

PRESCRIPTION AUTHORIZED BY LAW

Prescription animal drugs are misbranded unless they are dispensed upon the lawful written or oral order of a licensed veterinarian in the course of the veterinarian's professional practice. An order is lawful if it is a prescription or other order authorized by law.

A Veterinarian's power to prescribe drugs is defined and limited by the State where he or she holds a license and where he or she is treating animals.   In the Commonwealth of Pennsylvania, there is a law that prohibits a person acting alone or in concert from administering a substance to a horse within 24 hours prior to the scheduled post time for the first race.   It is also a crime in Pennsylvania for a person acting with the intent to prevent a publicly exhibited contest from being conducted in accordance with the rules governing the contest by tampering with any animal.


21 U.S.C. § 353(f)(1)(B)


MISBRANDED DEFINED

The Indictment alleges that various animal drugs were misbranded because they were prescription animal drugs that were not

dispensed pursuant to a lawful written or oral order of a licensed
veterinarian in the course of the veterinarian's professional practice.

21 U.S.C. § 353(f)(1)(A), (B).

INTERSTATE COMMERCE

"Interstate commerce" means commerce between any State and
any place outside thereof.   If you find that, for any count, the
Banamine, Robinul, Estrone, Dextamethasone, Legend, ACTH,
Ketoprofen, Robaxin, Acetylcysteine, ECP, and Legend IV injection
raveled to the Commonwealth of Pennsylvania from outside the
Commonwealth of Pennsylvania, then you may find that the animal
drug identified in that count traveled in interstate commerce.

21 U.S.C. § 321(b)
Hipolite Egg Co. v. United States, 220 U.S. 45, 54 (1911).
United States v. Wiesenfeld Warehouse Co., 376 U.S. 86 (1964).


INTENT TO DEFRAUD AND MISLEAD

You should find that Defendant acted with the intent to defraud
or mislead if you find that he acted with an intent to deceive the United
States Food and Drug Administration or other federal or state agencies
and thereby to hinder such agencies in carrying out their regulatory
responsibilities.

It not necessary for you to find that anyone was, in fact, misled or
defrauded, so long as you find beyond a reasonable doubt that the
defendant acted with the intent to mislead or defraud.

To act with the intent to mislead the Food and Drug
Administration or any other agency charged with protection of the
public health can be demonstrated through evidence that the Defendant
concealed his activities of purchasing, holding, and distributing nitrous
oxide without a prescription from federal and state authorities who are
responsible for controlling the distribution of prescription drugs and
drugs sent through the mail.   You may find that the government has

55

satisfied this element if you find it has shown beyond a reasonable doubt that the Defendant acted with intent to defraud or mislead FDA or any other regulatory or law enforcement entity.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.   But a defendant's state of mind can be proved indirectly from the surrounding circumstances.    This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that bear on the defendant's intent.

21 U.S.C. § 333(a)(2)
United States v. Bradshaw, 840 F.2d 871, 874 (11th Cir.), cert. denied, 488 U.S. 924 (1988).

LESSER INCLUDED OFFENSE

The law permits the jury to find an accused guilty of any lesser offense which is necessarily included in the crime charged in the Indictment, whenever such a course is consistent with the facts found by the jury from the evidence in the case and with the law as stated by the Court.

Under the FD&C Act, a person who commits a prohibited act with the intent to defraud or mislead is guilty of a felony.   However, a person who commits such a prohibited act without intent to defraud or mislead is guilty of a misdemeanor.

Thus, if you find that Defendant caused prescription animal drugs to become misbranded after they moved in interstate commerce and while they were held for sale, but you do not find that Defendant acted with the intent to defraud or mislead, you may find Defendant guilty of a lesser included offense.   Only three essential elements are required to be proved in order to establish these lesser offenses:

First, that the animal drugs dispensed by Defendant were prescription animal drugs, as defined elsewhere in these instructions;

Second, that the various animal drugs had moved interstate commerce and were held for sale on or about the dates alleged in the Indictment;

Third, after the animal drugs had moved in interstate commerce, defendant did an act or acts that caused the drugs to become misbranded.

You are further instructed that, in order to prove Defendant guilty of the lesser included offense, the government need not prove that Defendant knew that he was violating the law or that he intended to violate the law.   Good faith or lack of knowledge are not defenses to this crime.   Nor does the government have to prove that Defendant consciously did wrong.

21 U.S.C. § 331(a)
21 U.S.C. § 333(a)(1)
United States v. Park, 421 U.S. 658 (1975)
United States v. Dotterweich, 320 U.S. 227 (1943)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19
## ACCOMPLICE LIABILITY

The indictment alleges that the defendant aided, abetted and caused a veterinarian to dispense a misbranded drug.   A person aids, abets, counsels, commands, induces or procures the commission of a crime against the United States is as liable for the offense as the person who committed the offense. Furthermore, whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Authority: Title 18, United States Code, Section 2.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20
## INTERSTATE COMMERCE DEFINED

To prove misbranding the government must show that the drug that was misbranded or a component thereof at some point traveled in interstate commerce before it was dispensed. It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the drug dispensed or any component thereof crossed a state line. The government does not need to prove that Rojas herself carried it across a state line or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that Rojas knew that the drug or some component thereof had traveled in interstate commerce. In this regard, there has been evidence that the drugs in question or their components were manufactured in a different state than the state where Rojas is charged with causing them to be dispensed by veterinarians. You are permitted to infer from this fact that the drugs or components thereof traveled in interstate commerce; however, you are not required to do so.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CR. NO. 1:15-CR-169** |
| : | |
| **v.** : | **(Judge Rambo)** |
| : | |
| **MURRAY ROJAS** : | **(Filed Electronically)** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this June 12, 2017, he served a copy of the attached

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):
Robert Goldman, Esquire
Email: reg@bobgoldmanlaw.com

**s/ William A. Behe**
William A. Behe
Assistant United States Attorney
