IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:15-CR-00169** |
| | : | |
| v. | : | |
| | : | |
| **MURRAY ROJAS** | : | **Judge Sylvia H. Rambo** |

## **O R D E R**

In this criminal action, a twenty-one count Second Superseding Indictment was returned on February 8, 2017, charging Defendant with several violations of federal law, including wire fraud, conspiracy to commit wire fraud, and administering misbranded drugs to racehorses and conspiracy to do the same, arising out of Defendant's alleged direction to others to administer prohibited substances to racehorses before more than forty separate horse races at Penn National Race Course in Harrisburg, Pennsylvania. (*See* Doc. 78.)

Presently before the court is Defendant's motion to dismiss Counts 8 through 21 of the Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3) for failure to state an offense. (Doc. 98.) The Government opposes the motion, which has now been fully briefed (Docs. 99, 100, 102, 103) and is ripe for disposition.

## I. Relevant Facts & Procedural History

Defendant has been a horse trainer or otherwise involved in the horse racing industry for more than twenty-five years. As alleged in the Second Superseding Indictment (the "Indictment"), the Government became aware that Defendant had been both administering, and directing others to administer, prohibited substances to her horses on race days. (*See* Doc. 78, p. 6.) The alleged scheme was carried on from January 2002 through September 2014, wherein Defendant would either administer illegal substances or direct veterinarians to do the same to horses that Defendant was entering to race at Penn National Race Course in Grantville, Pennsylvania. As the trainer of the horses, Defendant was entitled to a percentage of the purse for each race where one of her horses finished in the top three, and those winnings were then electronically deposited in her bank account via interstate commerce. (*Id*. at pp. 6, 10-12.)

Based on this scheme, the Indictment charges Defendant with wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts 1-6), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 7), misbranding animal drugs in violation of 21 U.S.C. §§ 331(k), 353(f)(1)(C), and 333(a)(2) (Counts 8-20), and conspiracy to misbrand animal drugs in violation of 18 U.S.C. § 371 (Count 21).

## II. Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012) (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007)). "It is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, . . . *if valid on its face*, is enough to call for trial of the charge on the merits.'" *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)) (alteration and emphasis in original). An indictment is facially valid if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Huet*, 665 F.3d at 595 (quoting *Vitillo*, 490 F.3d at 321). "'[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and invoke double jeopardy in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements

of a violation under the statute, and specifies the time period during which the violations occurred." *United States v. Stevenson*, 832 F.3d 412, 424 (3d Cir. 2016) (quoting *Huet*, 665 F.3d at 595).

"Federal Rule of Criminal Procedure 12(b)(3)(B) allows a district court to review the sufficiency of the government's pleadings to . . . ensur[e] that legally deficient charges do not go to a jury." *Huet*, 665 F.3d at 595 (quoting *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011)) (alteration in original). Although detailed allegations are not required to support charges, an indictment nonetheless fails to state an offense if the facts alleged therein "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002). However, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) (citations omitted). Rather, a court evaluating a motion to dismiss "must accept as true the factual allegations set forth in the indictment." *Huet*, 665 F.3d at 595 (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). "Evidentiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage." *Bergrin*, 650 F.3d at 265. Thus, the court's task in reviewing a motion to dismiss an indictment is to determine whether, assuming the facts stated in the indictment are true, a jury could find the defendant guilty of the

4

offense charged. *See Huet*, 665 F.3d at 595 (first citing *Panarella*, 277 F.3d at 685) (then citing *DeLaurentis*, 230 F.3d at 660).

## III. <u>Discussion</u>

Defendant seeks to dismiss Counts 8 through 21 of the Indictment, which charge Defendant with misbranding, and conspiracy to misbrand, animal drugs. The crux of Defendant's argument is that misbranding of animal drugs in violation of 21 U.S.C. §§ 331(k), 353(f)(1)(C), and 333(a)(2) can only occur if an unlicensed veterinarian – or non-veterinarian – administers the drugs to an animal, and because all of Defendant's co-conspirators in the alleged doping scheme were licensed veterinarians, these charges fail as a matter of law. A simple review of the statute leads the court to conclude otherwise.

The Federal Food, Drug, and Cosmetic Act (the "Act") prohibits the doing of any act that causes a drug to become misbranded after it has moved in interstate commerce and while it is held for sale. 21 U.S.C. § 331(k). The Act defines several ways in which a drug can become misbranded, among which is if a drug's labeling lacks "adequate directions for use." 21 U.S.C. § 352(f). Adequate directions are defined in the regulations accompanying the Act as those under which a layman could use the drug safely and for its intended purpose. *See* 21 C.F.R. § 201.5. Because all of the drugs that the Indictment charges Defendant with misbranding are prescription drugs, they are not available for use by laymen and instead may

5

only be used "under the supervision of a licensed veterinarian." 21 U.S.C. §353(f)(1)(A). Thus, prescription drugs are only exempt from the Act's requirement that they be labeled with adequate directions for lay use if they are dispensed upon a written prescription or "the lawful written or oral order of a licensed veterinarian in the course of the veterinarian's professional practice." 21 U.S.C. § 353(b)(1). The dispensing of a prescription drug to an animal in contravention of § 353(f)(1)(A) causes the drugs to become misbranded. 21 U.S.C. § 353(f)(1)(C).

Defendant reads the Act as merely requiring a licensed veterinarian to avoid a misbranding charge. However, it is clear from the face of § 353 that the administration of prescription drugs to an animal must be done pursuant to either a prescription or some other lawful oral or written order of a licensed veterinarian in the course of that veterinarian's professional practice. Defendant thus ignores two of the three elements required to meet the prescription drug exemption to misbranding. Defendant also mistakenly relies on *United States v. Goldberg*, 538 F.3d 280 (3d Cir. 2008) as somehow standing for the proposition that misbranding can only occur if prescription drugs are administered by a non-veterinarian without a prescription. (*See* Doc. 10, pp. 10-11.) This is simply not true. The Third Circuit in *Goldberg* did not hold as Defendant suggests, but merely rejected an argument that selling prescription drugs without a valid prescription required something

6

more to constitute a violation of § 353. *Goldberg*, 538 F.3d at 288 (citing *United States v. Arlen*, 947 F.2d 139, 141 n.2 (5th Cir. 1991) ("Any prescription drug that is dispensed without a prescription is deemed 'misbranded' as a matter of law."). The Indictment alleges that Defendant ordered various veterinarians to administer prescription drugs to racehorses within twenty-four hours of a race, in violation of Pennsylvania's rules and regulations for horseracing. Whether Defendant herself administered any prescription drugs to the horses is immaterial for the purposes of a misbranding charge pursuant to § 331(k) because § 331 prohibits "[t]he following acts *and the causing thereof*." 21 U.S.C. § 331. As alleged in the Indictment, although the veterinarians were licensed, they were acting upon the demand of Defendant, not pursuant to a prescription or other lawful order, when they administered the prescription drugs to the horses. The Act makes clear that dispensing a prescription drug to an animal requires a licensed veterinarian acting upon a prescription or other lawful written or oral order in the course of his or her professional practice. Stated more simply, even a licensed veterinarian can act unlawfully and therefore violate the Act. The Indictment sufficiently alleges that no lawful prescription or order existed, and that Defendant caused the veterinarians to administer the prescription drugs in violation of §§ 331(k) and 353(f). It will be for the factfinder to determine at trial whether the licensed veterinarians dispensed any prohibited substances to horses in contravention of Pennsylvania law, and if

7

so, whether they were acting lawfully in accordance with their professional practices or merely at the behest of Defendant during such administration.

## IV. <u>Conclusion</u>

For the reasons stated herein, the court finds that Counts 8 through 21 of the Second Superseding Indictment (Doc. 78) adequately state offenses against Defendant.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 98) is **DENIED**.

<u>s/Sylvia H. Rambo</u><br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 14, 2017