# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:15-CR-00169-SHR |
| | : | |
| v. | : | |
| | : | |
| MURRAY ROJAS | : | Judge Sylvia H. Rambo |

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS

The Defendant respectfully requests the Court to include the attached supplemental instructions in its charge to the jury.

Respectfully submitted,

Date: June 29, 2017

_____
Robert E. Goldman, Esquire
Pa. ID #25340
535 Hamilton Street, Suite 302
Allentown, PA 18101
(610) 841-3876
reg@bobgoldmanlaw.com
Counsel for defendant Murray Rojas

To convict Rojas, a determination, that foreign substances were administered on race day is not sufficient.  This act alone do not constitute a federal offense.

The federal criminal offense(s) charged here require more.

## **WIRE FRAUD**

If you determine that the government has failed to prove beyond a reasonable doubt that Rojas caused the interstate wire transmissions charged in the Indictment or that she knew, or it was reasonably foreseeable that interstate wire transmissions would follow, you must acquit on the wire fraud and wire fraud conspiracy counts.

## **WIRE FRAUD**

If you determine that the alleged wire transactions charged in the Indictment were required by law you must acquit Rojas on all wire fraud and wire fraud conspiracy counts.

## **WIRE FRAUD**

## **INTENT TO DEFRAUD IS REQUIRED**

Wire fraud is a specific intent crime. Therefore, in order to convict, you must unanimously agree that Rojas had the specific intent to defraud and that the government proved this beyond a reasonable doubt.

In this case, the government has alleged that the scheme to defraud was to administer, and cause to be administered, substances that were prohibited on race day in order to win purse money.

Therefore, it is the burden of the government to prove beyond reasonable doubt that the purpose of the substance administration was to win purses.

Even if you conclude that Rojas had the specific intent to win purses, that is not sufficient to prove wire fraud.

It is also necessary for the government to prove beyond a reasonable doubt that she participated in making false representations to others to accomplish the goals of the scheme.

In this case, the government alleges the creation of the false Vet Treatment Sheets constitutes the false representations.

Therefore, you must unanimously agree, to convict on wire fraud, that Rojas assisted in the preparation of the Vet Treatment Sheets, or was aware that they were created, as part of the scheme to defraud.

## **MISBRANDING**

To prove the defendant guilty of the crime of "misbranding", the government must prove beyond a reasonable doubt, each of the following elements:

1. That Murray Rojas engaged in or caused, "the alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, or cosmetic, if such act is done while such article is held for sale (whether or not the first sale) after shipment in interstate commerce and results in such article being adulterated or misbranded."

   21 U.S.C. § 331.

2. That the drug or drugs claimed to be misbranded is one which is "intended for use by animals other than man, other than a veterinary feed directive drug intended for use in animal feed bearing or containing a feed directive drug."

   21 U.S.C. § 353(f)(1)(A).

3. That the drug or drugs claimed to be misbranded, "because of its toxicity or, other potentiality for harmful effect, or other method of its use, or the collateral measures necessary for its use, is not safe for animal use except under the professional supervision of a licensed veterinarian."

   21 U.S.C. § 353(f)(1)(A)(i).

4. That the drug or drugs claimed to be misbranded were "dispensed" by Murray

Rojas without "the lawful written or oral order of a licensed veterinarian in the course of the veterinarian's professional practice."

21 U.S.C. § 353(f)(1)(A).

5. For purposes of "this last requirement", you are instructed that "an order is lawful if the order - -

   (i) is a prescription or other order authorized by law,

   (ii) is, if an oral order, promptly reduced to writing by the person lawfully filling the order, and filed by that person, and

   (iii) is refilled only if authorized in the original order or in a subsequent oral order promptly reduced to writing by the person lawfully filling the order, and filed by that person."

21 U.S.C. § 353(f)(B).

6. For purposes of applying this dispensing requirement, you are advised that the "dispensing" of a drug is not to be confused with the "administration" of a drug.

A drug is "dispensed" when, based upon a veterinarian's written prescription or oral order, a drug is given for use to the patient, or patient's representative, by a pharmacy, or by the veterinarian, in an appropriate container.

Conversely, a drug is "administered" by a veterinarian, or anyone else, when it is applied directly to the patient horse such as by injection or ingestion (by that, I mean given orally, such as in pill form).

7. In summary, the government must have proved each and every one of these elements, beyond a reasonable doubt, before you are permitted to find Murray Rojas Guilty of the federal crime of "misbranding". If you believe that the government has failed to establish just one of these elements or, if you have a reasonable doubt that they have, your verdict on the charge of "misbranding" must be Not Guilty.

## **INTENT**

Finally, you are instructed that even if you find that each element of the crime of "misbranding" has been proved beyond a reasonable doubt, you must still find Murray Rojas Not Guilty unless you are satisfied that the government has also proven beyond a reasonable doubt, that Murray Rojas committed this crime "with the intent to defraud or mislead". Therefore, if you have a reasonable doubt as to whether the government has proven that Murray Rojas committed the crime of misbranding "with the intent to defraud or mislead", you must render a verdict of Not Guilty as to the crime of "misbranding".

21 U.S.C. § 333(a)(2).

## **CONSPIRACY TO COMMIT MISBRANDING**

If you find that Murray Rojas is Not Guilty of the federal crime of "misbranding", you must also find her Not Guilty of the crime of "conspiracy" to commit misbranding.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Defendant's Supplemental Jury Instructions was served via hand delivery and ECF filing upon the following:

AUSA William Behe
United States Attorney's Office
Harrisburg Federal Building and Courthouse
228 Walnut Street, Suite 220
PO Box 11754
Harrisburg, PA 17108-1754

DATE: June 29, 2017              BY: _/s/ Robert E. Goldman_
                                     Robert E. Goldman, Esquire
                                     Pa. ID #25340
                                     535 Hamilton Street, Suite 302
                                     Allentown, PA 18101
                                     (610) 841-3876
                                     reg@bobgoldmanlaw.com
                                     Counsel for defendant Murray Rojas