IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : Crim. No. 1:15-CR-00169
:
:
**v.** :
:
:
**MURRAY ROJAS** : Judge Sylvia H. Rambo

## M E M O R A N D U M

Presently before the court is Defendant's motion for reconsideration (Doc. 164) of the court's denial of Defendant's motion for judgment of acquittal pursuant to Rule 29 (Docs. 162 & 163). For the reasons stated herein, the motion will be denied.

### I. Background

A twenty-one count Second Superseding Indictment (the "Indictment") was returned on February 8, 2017, charging Defendant with several violations of federal law, including wire fraud, conspiracy to commit wire fraud, and administering misbranded drugs to racehorses and conspiracy to do the same, arising out of Defendant's alleged direction to others to administer prohibited substances to racehorses before more than forty separate horse races at Penn National Race Course in Grantville, Pennsylvania. (*See* Doc. 78.)

At trial in this matter, the jury heard testimony from veterinarians Kevin Brophy, Fernando Motta, and Christopher Korte, as well as staff members at their

veterinary clinic, establishing that Defendant directed them to administer prohibited substances, including prescription drugs, to Defendant's racehorses within twenty-four hours of those horses running in races at Penn National. The Government also provided medical and billing records from the veterinary clinic showing what substances were given to which horses, and elicited testimony from the veterinarians and their staff about the practice of backdating the records so as to make it appear that the substances were not given to the horses within twenty-four hours of running in a race. Based on, *inter alia*, this evidence, at the conclusion of trial the jury returned a verdict of guilty as to Counts 8 through 20 of the Indictment, for misbranding of animal drugs in violation of 21 U.S.C. §§ 331(k), 353(f)(1)(c), and 333(a)(2), as well as to Count 21, for conspiracy to misbrand animal drugs in violation of 18 U.S.C. § 371. The jury found Defendant not guilty of the wire fraud charges contained in Counts 1 through 7. Defendant then moved for acquittal as to Counts 8 through 21 pursuant to Federal Rule of Criminal Procedure 29 (Doc. 132), which the court denied.

At the conclusion of trial, the court denied Defendant's first motion for judgment of acquittal pursuant to Rule 29. (Doc. 143.) Defendant then submitted a renewed motion for judgment of acquittal (Doc. 144), which the court denied via memorandum and order on March 14, 2018 (Docs. 162 & 163). Presently before the court is Defendant's Motion for Reconsideration (Doc. 164) of its Renewed

2

Motion for the Entry of a Judgment of Acquittal. Defendant filed a brief in support of its motion on March 30, 2018 (Doc. 165), the Government submitted its brief in opposition on April 5, 2018 (Doc. 166), and Defendant has replied (Doc. 167). For the reasons stated herein, Defendant's motion for reconsideration will be denied.

**II.     Legal Standard**

A court may reconsider an interlocutory order "whenever 'consonant with justice to do so.'" *Qazizadeh v. Pinnacle Health Sys.*, Civ. No. 14-cv-2037, 2016 WL 5787352, *2 (M.D. Pa. Oct. 4, 2016) (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)) (then quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). Typically, a party seeking reconsideration must demonstrate one of the following bases for amending or altering a judgment: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court granted the motion; or 3) the need to correct a clear error of law or fact or to prevent manifest

injustice. *See Max's Seafood Cafe v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). However, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, Civ. No. 99-cv-5089, 2001 WL 1609761, *9 (E.D. Pa. Dec. 18, 2001)).

## III. Discussion

Defendant argues in conclusory fashion that the court should reconsider its denial of her motion for judgment of acquittal because: 1) the court has "misunderstood the government's entire theory of prosecution and evidence presented in support thereof;" 2) the court has made a decision outside of the adversarial issues presented by the parties; 3) the court has made an error of apprehension; and 4) there is a need to correct a clear error of law or fact to prevent manifest injustice. (Doc. 165, pp. 1-2 of 4.)

Despite this list of apparent errors made by the court, the only support Defendant offers is her claim that, contrary to what the court has found, there was no evidence presented at trial upon which the jury could have found that Defendant caused prescription animal drugs to be unlawfully dispensed and therefore misbranded. As stated in the court's previous memorandum, the testimony and

records of the veterinarians presented at trial was sufficient for the jury to find Defendant guilty of misbranding pursuant to the Federal Drug and Cosmetic Act (the "Act"), 21 U.S.C. §§ 331(k), 333(a)(2), and 353(f). (Doc. 162, pp. 6-7 of 8.) Defendant's argument is nothing more than "an attempt to relitigate a point of disagreement between the Court and the litigant," *Ogden*, 226 F. Supp. 2d at 606, and does not provide a basis for the court to reverse its decision.

Defendant further argues, somewhat curiously, that the court has "'made a decision outside of the adversarial issues presented to the [c]ourt by the parties' by resolving the 'dispensing' versus 'administering' issue . . . . Specifically, this [c]ourt now holds that 'dispensing' *is* required to make out the misbranding charges . . . ." (Doc. 165 at p. 2 of 4.) The court is at somewhat of a loss to see how its resolution of the definitions of "dispense" and "administer" was outside of the adversarial issues presented to the court when the thrust of Defendant's argument was that the two terms have different meanings under the Act and that only dispensing, and not administering, could support a charge for misbranding. Indeed, the Act itself only mentions "dispensing," rather than "administering," and it is fairly clear that "[a]ny prescription drug that is dispensed without a prescription is deemed 'misbranded' as a matter of law." *United States v. Goldberg*, 538 F.3d 280, 288 (3d Cir. 2008) (quoting *United States v. Arlen*, 947 F.2d 139, 141 n.2 (5th Cir. 1991)). In accepting Defendant's position, for purposes of disposing of her

motion, that dispensing was required, the court found that the jury had before it ample evidence to find that Defendant caused prescription drugs to be unlawfully dispensed, and therefore the court did not need to attempt to define "administer" in relation to a misbranding charge. This was squarely within the adversarial issues presented to the court, and was, in fact, the central issue.

Defendant further argues that "the government veterinarian witnesses never testified that any drugs they previously dispensed or sold to [Defendant] were *later* used by the veterinarians to administer to [Defendant]'s horses on race day." (Doc. 165 at p. 3 of 4 (emphasis added).) The court has already rejected the notion that the Act contains a temporal requirement between the selling of a drug and its administration for dispensing to occur (Doc. 162, pp. 5-6 of 8), and will not revisit the issue.

## IV. Conclusion

For the reasons stated herein, the court finds that there is no basis upon which to reconsider its order denying Defendant's request to set aside the jury's verdict and enter a judgment of acquittal. Accordingly, Defendant's motion for reconsideration will be denied.

An appropriate order will issue.

                                                         s/Sylvia H. Rambo
                                                         SYLVIA H. RAMBO
Dated: April 12, 2018                                    United States District Judge