IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:15-CR-00169 |
| | : | |
| v. | : | |
| | : | |
| **MURRAY ROJAS** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is Defendant's verbal motion for bail pending appeal made at the sentencing hearing held on May 6, 2019. For the reasons stated herein, the motion will be granted.

**I.     Background**

The factual background in this case is set forth at length in this court's memoranda denying Defendant's judgment for acquittal (Doc. 162) and denying Defendant's motion to suppress (Doc. 32). Defendant was indicted on February 8, 2017, on charges of, *inter alia*, administering misbranded drugs to racehorses and conspiracy to do the same, arising out of Defendant's alleged direction to others to administer prohibited substances to racehorses. (*See* Doc. 78.) At the conclusion of a trial on the merits, the jury returned a verdict of guilty as to Counts 8 through 20 of the Indictment, for misbranding of animal drugs in violation of the Federal Drug and Cosmetic Act, 21 U.S.C. §§ 331(k), 353(f)(1)(c), and 333(a)(2), as well as to Count 21, for conspiracy to misbrand animal drugs in violation of 18 U.S.C. § 371.

On May 7, 2019, Defendant was sentenced to a term of imprisonment of 27 months on each of Counts 8 through 21, to be served concurrently, and a term of supervised release. (Doc 181.) At the conclusion of sentencing, Defendant made a verbal motion for bail pending disposition of her appeal from the judgment and sentence imposed. Defendant filed a timely notice of appeal on May 8, 2019. (Doc. 184.) The court ordered briefing on Defendant's verbal motion, and, briefs having been filed, the matter is now ripe for disposition. For the reasons stated herein, Defendant's motion for bail pending appeal will be granted.

## II. **Legal Standard**

After being convicted of a crime beyond reasonable doubt by a jury and sentenced to a term of imprisonment, there is a presumption against bail pending appeal. *United States v. Brand*, 224 F. Supp. 3d 437, 440 (E.D. Pa. 2016) (citing *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). A defendant, however, may be granted bail pending an appeal if she satisfies the factors set forth in 18 U.S.C. § 3143(b), which provides, in pertinent part:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3134(b). The defendant bears the burden to demonstrate that she is entitled to release pending appeal.

## III. Discussion

The Government raises no arguments as to the first factor in Section 3143(b): whether the person is unlikely to flee or pose a danger to the community if released. Regardless, the court makes the independent finding that Defendant has demonstrated by clear and convincing evidence that she poses no flight risk because of her age, familial and economic ties to the area, lack of contacts in foreign jurisdictions, and financial capabilities. Further, Defendant was convicted of non-violent offenses, and is no longer in a position to commit the crimes with which she was charged due to the court's prohibition on her involvement with horse racing. Accordingly, the court finds that Defendant has met her burden to prove the first factor of Section 3143(b). Thus, the court will address the remaining factor set forth in Section 3134(b).

3

With respect the second factor, the court must determine: (1) whether the question raised on appeal is a "substantial" one, *i.e.*, it must find that the question at issue is one which is novel, which has not been decided by controlling precedent, or which is fairly doubtful; and (2) whether that question is likely to result in reversal, a new trial, or a reduced sentence as set forth in Section 3143(b)(iii), (iv). In *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986), the Third Circuit clarified that a question is "substantial" where: "[it is] debatable among jurists of reason; [] a court could resolve the issues [in a different manner]; or [] the questions are adequate to deserve encouragement to proceed further." *Smith*, 793 F.2d at 89 (internal quotation omitted). Although the absence of relevant precedent is not "enough," because the issue may be meritless on its face, it is a factor in determining whether an issue is substantial. *Id.* at 90.

In this case, Defendant raised a plethora of issues that she argues would constitute substantial questions on appeal. (*See* Doc. 188.) The court need only find that one is "substantial" and would require reversal, a new trial, or reduction in sentence. As argued in her motion for acquittal (Doc. 144), Defendant asserts that the Government improperly conflated the meaning of "dispensed" and "administered" when charging her with misbranding of animal drugs in violation of 21 U.S.C. §§ 331(k), 353(f)(1)(c), and 333(a)(2). This distinction was expounded upon at length in this court's opinion denying Defendant's motion for acquittal (Doc.

162, pp. 4-7), but, in short, Defendant argues that the administration of drugs is limited only to the physical act of giving the drugs orally, intravenously, or otherwise, while "dispensing" is limited to the transference of drugs from one person to another, whether by sale, prescription, or other means. The court in its opinion denying Defendant's motion for acquittal, recognized that a Supreme Court case supported this distinction:

> In *United States v. Young*, 315 U.S. 257 (1942), the United States Supreme Court interpreted the Harrison Anti-Narcotic Act, an Internal Revenue Service statute unrelated to the [Federal Drug and Cosmetic] Act, and held that administering physicians were exempt from the record-keeping requirements of the Harrison Act, while dispensing physicians were not. *Id.* at 258-61. The Court explained that, "Congress, by the use of the words 'dispensing physicians,' meant to exclude physicians administering to patients whom they personally attend." *Id.* at 259.

(Doc. 162 at 7.) This court, however, concluded that the distinction drawn between administering and dispensing in *Young* was not relevant to the Federal Drug and Cosmetic Act because it would create an absurd distinction "between a hypothetical situation where the veterinarians would have dispensed the drugs to Defendant for her to then inject the horses, which Defendant appears to concede would be misbranding, and what occurred here, where the veterinarians would both dispense and administer the drugs themselves." (*Id.* at 7.) The court stands by its reasoning that such a distinction would create the "unintended result that would allow those involved in the illegal scheme to skirt a misbranding charge by having veterinarians

5

inject the drugs rather than the trainers or owners of horses." (*Id.*) In contrast, in *Young*, the purpose of the statute was to create an affirmative duty to keep records of transfers of narcotics, presumably to prevent such drugs becoming untraceable, *i.e.*, once the drugs were in the hands of the physician who would be physically administering the drugs to a patient, the need for a "chain of custody" would no longer be present. The purpose of the Federal Drug and Cosmetic Act is much broader and includes a wide variety of acts whose essential purposes are to administer drugs for unintended effects. This broader prohibition does not contain an inherent distinction between the administration and dispensation of drugs, and the jury found here that Defendant obtained drugs with the intention of using them for purposes that did not comport with their intended use or medical necessity. Thus, in this court's view, the distinction raised by Defendant, now for the fourth time, amounts to a semantical difference rather than an intended delineation by Congress. This, however, does not end the present inquiry.

The standard that the court must now apply is not simply whether the court would rescind its prior ruling, and, as stated above, the court stands by its interpretation. The court does, however, recognize that the relevant issue here has not been definitively decided by an appellate court. As illustrated by the discussion of the *Young* case, *supra,* the distinctions raised by Defendant are not wholly without merit. Reasonable jurists could differ as to whether the distinction between "administer"

and "dispense" was a purposeful one in the Federal Drug and Cosmetic Act as it was in the Harrison Anti-Narcotic Act. Clarifying whether this distinction is purposeful is an issue worthy of encouragement to proceed on appeal as it may either promote prosecution of additional violators of the law or dissuade the Government from bringing claims that were unintended by Congress. Therefore, the court finds that the Defendant has demonstrated that at least one issue raised on appeal is "substantial" under Section 3143. Moreover, the Government does not contest that if the issue were decided in favor of Defendant, it would likely result in reversal or a new trial. Accordingly, the court concludes that Defendant has satisfied all the elements required to justify the allowance of bail pending appeal.

## IV. Conclusion

For the reasons stated herein, the court finds that (1) Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that Defendant's appeal is not for the purpose of delay; and (3) that Defendant's appeal raises a substantial question of law likely to result in reversal or an order for a new trial. Accordingly, Defendant's motion for bail pending appeal will be granted.

An appropriate order will issue.

*s/Sylvia H. Rambo*_____
SYLVIA H. RAMBO
United States District Judge

Dated: May 20, 2019